IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TYRONE DENARD ANDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO.  3:12-cv-1039-L (BF) |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is an appeal from the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying the claim of Tyrone Denard Anderson ("Plaintiff") for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act").  For the following reasons, the Court recommends that the District Court AFFIRM the final decision of the Commissioner.

I.

Plaintiff alleges that he is disabled due to bipolar disorder, depression, and an injury to his left wrist.  After his application for SSI benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge.  That hearing was held on March 15, 2011. At the time of the hearing, Plaintiff was 40 years old.  He has a sixth grade education and has worked as a janitor and groundskeeper while in prison.  Plaintiff has not engaged in substantial gainful activity since October 29, 2009.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered from a history of a fracture of his left wrist and bipolar disorder, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that, in the absence of drug addiction or alcoholism ("DAA"), Plaintiff had the residual functional capacity ("RFC") to perform a wide range of medium work, but had no past relevant employment to which he could return. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a cleaner, a presser, and a street cleaner -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court in which he contends that the hearing decision is not supported by substantial evidence and results from reversible legal error.

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

2

>    (1)   an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
>    (2)   an individual who does not have a "severe impairment" will not be found to be disabled;
>
>    (3)   an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
>    (4)   if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
>    (5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized.

*Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Plaintiff's appeal raises the following issues:

1. Whether the ALJ properly evaluated the materiality of Plaintiff's alleged DAA; and

2. Whether the ALJ erred in finding that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy.

### Drug and Alcohol Addiction

Plaintiff first contends that the ALJ failed to properly evaluate the materiality of his alleged alcoholism and drug abuse. Plf. Br. at 4. The administrative record in this case documents a long history of alcohol and cocaine use by Plaintiff. (Tr. at 41-42, 54,199, 202, 367-68). Plaintiff was diagnosed with Alcohol and Cocaine Abuse in remission since 2007, but Plaintiff's own statements show that he continued to use these substances as late as 2009. (*Id.* at 53, 248-49, 272, 368). The ALJ considered this evidence and other evidence that when Plaintiff was not using drugs and alcohol he has only mild limitations with respect to his daily living activities and moderate limitations in social functioning and in concentration, persistence, and pace, with no episodes of decompensation. (*Id.* at 12-14). The ALJ found that, absent DAA, Plaintiff has the mental RFC for unskilled, non-public work requiring only simple 1, 2, 3 step instructions. (*Id.* at 11). The ALJ thus concluded that

4

DAA is a material factor in the case and that, absent DAA, Plaintiff is not disabled. (*Id.* at 17). Plaintiff now argues that the ALJ erred in failing to consider whether he is disabled when he is using drugs and alcohol, as required by the social security regulations. Plf. Br. at 4.

The Act prohibits the Commissioner from awarding benefits to a disabled person if drug addiction or alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Where a claimant is found disabled and there is medical evidence of DAA, the social security regulations provide a special process for evaluating the materiality of the claimant's alleged DAA. *See* 20 C.F.R. §§ 404.1535(b) & 416.935. The "key factor" in this process is whether the Commissioner would still find the claimant disabled if the claimant stopped using drugs or alcohol. *Id*. §§ 404.1535(b)(1) & 416.935(b)(1). This determination requires the Commissioner to first evaluate which physical and mental limitations would remain if the claimant discontinued his drug and alcohol use and then determine whether any remaining limitations would be disabling. *Id*. §§ 404.1535(b)(2) & 416.935(b)(2). Whether DAA is a contributing factor material to the disability determination depends on whether the limitations remaining after stopping drug and alcohol use are sufficient, by themselves, to support a finding of disability. *See Snodgrass v. Colvin*, No. 11-CV-0219-P, 2013 WL 4223640, at *2 (N.D. Tex. Aug. 13, 2013) (citing 20 C.F.R. §§ 404.1535(b)(2)(i)-(ii) & 416.935(b)(2)(i)-(ii)). If the remaining limitations are not disabling, the claimant's DAA is a material factor to the disability determination and an award of benefits is not appropriate. 20 C.F.R. §§ 404.1535(b)(2)(i) & 416.935(b)(2)(i). If, on the other hand, the remaining limitations are disabling, then DAA is not material factor and the claimant is entitled to benefits because he is disabled independent of drug addiction or alcoholism. 20 C.F.R. §§ 404.1535(b)(2)(ii) &

416.935(b)(2)(ii). The claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [his] disability." *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

The ALJ's written decision in this case does not mechanically follow the process set forth in the social security regulations for evaluating the materiality of Plaintiff's DAA. As Plaintiff notes, the ALJ did not expressly find as an initial matter that Plaintiff is disabled when he is using drugs and alcohol. Nor did the judge specifically identify which physical and mental limitations would remain if Plaintiff discontinued his drug and alcohol use. Instead, the ALJ considered the impact of Plaintiff's DAA on his limitations and RFC as part of the standard five-step sequential evaluation and determined that, absent DAA, Plaintiff's remaining limitations would not be disabling. (*See* Tr. at 11-15, 17). The ALJ's analysis thus focused on the "key factor" in the DAA analysis.

Even if this Court could assume that the ALJ erred in his analysis, *see, e.g., Bustamante v. Massanari*, 262 F.3d 949, 953-55 (9th Cir. 2001) (error for ALJ not to determine whether plaintiff was disabled prior to finding that DAA was a contributing factor material thereto), such error was harmless. In the Fifth Circuit, "procedural perfection is not required unless it affects the substantial rights of a party." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Substantial evidence supports the finding that, absent DAA, Plaintiff's non-exertional impairments are not disabling. The record contains evidence showing that Plaintiff suffers from alcoholism and/or a drug addiction. (Tr. at 41-42, 53-54,199, 202, 248-49, 367-68). The evidence further demonstrates that, even when Plaintiff is not using drugs and alcohol, he suffers from severe mental impairments, including bipolar disorder. (*Id.* at 368). The evidence does not show, however, that Plaintiff's impairments are disabling, absent DAA. To the contrary, the evidence supports the ALJ's finding that, absent DAA,

6

Plaintiff is capable of performing unskilled, non-public work requiring only simple 1, 2, 3 step instructions, and is not disabled. For example, a consultative medical examiner evaluated Plaintiff on December 22, 2009 and found that his judgment and insight were realistic with no signs of impulsiveness; he was alert, oriented, and able to concentrate; his mood, affect, and attention span were appropriate; and, his speech, understanding, and abstract thinking were good. (Tr. at 287-89). Further, a Psychiatric Review Technique report and Mental RFC Assessment completed on April 1, 2010 also indicated that Plaintiff can understand, remember, and carry out detailed, but not complex, instructions; make decisions; attend and concentrate for extended periods; accept instructions; and respond appropriately to changes in routine work settings. (*Id*. at 314-31). Plaintiff -- who bears the burden of proving that DAA is not a material contributing factor to his disability -- does not dispute this evidence or point to any evidence that would support a contrary conclusion. Plaintiff has not demonstrated that his substantial rights were prejudiced by the ALJ's evaluation of his DAA.

Plaintiff's claim that there is "virtually no reference" to his DAA in the ALJ's decision is without merit. In several places throughout his opinion, the ALJ discusses medical evidence of Plaintiff's DAA, including his long history of drug use, his diagnosis of Alcohol and Cocaine Abuse in remission since 2007, and his own statements regarding continued substance abuse. (*See id.* at 12-15). Plaintiff's assertion that the ALJ's decision is "unclear" as to whether the judge believes his DAA continues to have a significant impact on his ability to work similarly fails. The judge's decision is unambiguous in its finding that, absent DAA, Plaintiff is not disabled. No remand is required. *Ochoa v. Barnhart*, No. SA-04-CA-0888-RF, 2006 WL 509096, at *6 (W.D.Tex. Feb. 22, 2006) (remand not required where ALJ considered plaintiff's alcohol and substance abuse within

7

the context of his initial disability determination and substantial evidence supported the disability determination).

### Step 5 Determination

Next, Plaintiff contends that the ALJ erred in finding that he retains the ability to perform other work existing in significant numbers in the national economy. Plf. Br. at 5. More specifically, Plaintiff argues that the ALJ's express finding that he can perform a wide range of medium exertional work requiring only occasional handling with his non-dominant, left hand is inconsistent with the vocational expert's ("VE") testimony that such a handling limitation would preclude medium work. (*See* Tr. at 57). Plaintiff further argues that the VE's testimony that a person limited to occasional handling with his non-dominant hand could work as a mold cleaner, bagger, or street cleaner conflicts with the description of those jobs provided in the Dictionary of Occupational Titles ("DOT"). Plf. Br. at 6-7. The Commissioner concedes that the VE's testimony is inconsistent with the ALJ's finding that Plaintiff can perform medium work, but argues that the discrepancy is harmless and does not warrant remand. Def. Br. at 7. The Commissioner further disputes that any conflict between the VE's testimony and the DOT requires remand. *Id.* at 8.

At the administrative hearing, Plaintiff testified that he had worked in prison as a janitor and groundskeeper. (Tr. at 53). The VE classified those jobs as semi-skilled, medium work. (*Id*. at 57). The ALJ then engaged in the following exchange with the VE:

> ALJ: [I]n the first hypothetical, assume a person the same age, education as the claimant. Assume the person could lift 50 pounds occasionally, 25 pounds frequently; sit six hours per day; stand or walk six hours; is right-hand dominant; could occasionally climb; frequently use ramps, stairs; frequently balance, stoop, kneel, crouch and crawl; gross handling with the left hand would be occasional; additionally the person would have the ability to understand, remember and follow

8

> simple one, two, three step instructions, complete unskilled tasks. Would have to avoid working with the public. Would a person with those abilities be able to perform any of the past prison work?
>
> VE: Your Honor, I would say that his occasional use of his left hand would preclude medium exertional work.
>
> ALJ: Okay, would there be other types of work a person could perform?
>
> VE: Yes, sir. Such an individual could perform a full range of light work, or a broad range of light work. Examples would include mold cleaner, 700.687-046.... Bagger, 920.687-018.... Street cleaner, 955.687-018.... These are light unskilled jobs, no public contact and would otherwise satisfy the requirements of your hypothetical.

(*Id.*). As the Commissioner acknowledges, the VE's testimony is inconsistent with the ALJ's finding that Plaintiff can perform medium work. However, this testimony is entirely consistent with the ALJ's ultimate determination that Plaintiff is not disabled because he can work as a street cleaner -- an unskilled job at the light exertional level.[1] Plaintiff does not argue that he cannot perform light unskilled work. Nor can the record as a whole be read to support such a conclusion. Thus, remand is not required to revise the discrepancy between the VE's testimony and any finding regarding medium work.

Nor is remand required on the basis of any conflict between the VE's testimony and the DOT description of the street cleaner job. The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See Dictionary of Occupational Titles* at xv (4th ed. 1991). The DOT, along with a companion volume -- *The*

---

[1] The ALJ found that Plaintiff could also perform the jobs of "cleaner" and "presser" (Tr. at 16). Because it is not clear whether those jobs are the same as the mold cleaner and bagger jobs identified by the VE, the Court does not consider them here.

*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") -- contain descriptions of the requirements for thousands of jobs in the national economy. A VE's erroneous classification of the exertional level or skills required to perform a particular job may call into question the probative value and reliability of such testimony. *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000). However, "when there is a conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided that the record reflects an adequate basis for doing so." *Id.* at 146.

The Court initially observes that the VE's testimony does not necessarily conflict with the DOT. According to the DOT, the street cleaner job involves "[s]weep[ing] refuse from municipal streets, gutters, and sidewalks into pile and shovel[ing] refuse into movable container that is pushed from place to place. May pick up paper and similar rubbish from lawns, flower beds, or highway median strips, using spike-tipped stick." DOT § 955.687-018. The job requires "constant" handling. *See id.* However, the DOT does not separately classify handling with one hand, or both hands, or the dominant or non-dominant hand. *Nally v. Astrue*, No. 3:10-CV-1631-BD, 2011 WL 3844107, at *5 (N.D. Tex. Aug. 29, 2011). Because the street cleaner job description does not expressly require that an individual performing the job be able to constantly handle with both hands or with the non-dominant hand, it is not inconsistent for a VE to testify that it could be performed by an individual limited to occasional handling with his non-dominant hand only. *Nally*, 2011 WL 3844107, at *5; *see also Canton v. Astrue*, No. 08-CV-3038, 2010 WL 5391184, at *7 (E.D. N.Y. Dec. 22, 2010) (noting that "[w]here both hands are required to perform a listed job, the DOT has not been shy in saying so").

10

To the extent the VE's testimony impliedly or indirectly conflicts with the DOT, the record reflects an adequate basis for the ALJ to rely on the VE's testimony.  The VE was present throughout the administrative hearing and heard all the testimony regarding Plaintiff's wrist injury and exertional impairments.  The ALJ and the VE thoroughly discussed all of Plaintiff's limitations, and VE expressly stated in response to the ALJ's question that the street cleaner job would satisfy the requirements of the hypothetical, which limited handling activities only to the non-dominant hand. (Tr. at 57).  The ALJ's finding that Plaintiff can work as a street cleaner is supported by substantial evidence.  *Carey*, 230 F.3d at 146 (no remand required where ALJ accepted VE's testimony that claimant without use of non-dominant arm could perform jobs that DOT described as requiring manual dexterity).

Finally, Plaintiff's counsel had an opportunity to cross-examine the VE regarding the classification of the jobs he cited, but opted not to do so. As the Fifth Circuit has repeatedly emphasized, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 146-47.  For all these reasons, the ALJ did not reversibly err in concluding that Plaintiff could perform other work in the national economy.

**RECOMMENDATION**

The Court recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, August 23, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).